IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


SHAWN K. MADONIA,

          **Plaintiff,**

     v.                       CASE NO. 13-3026-SAC

**LANSING CORRECTIONAL**
**FACILITY, et al.,**

          **Defendants.**

## MEMORANDUM AND ORDER

    This pro se action was filed as a petition for mandamus citing K.S.A. 60-801, by an inmate of the Lansing Correctional Facility, Lansing, Kansas (LCF). Plaintiff seeks an order compelling state prison officials to house him in administrative segregation (ad seg) and to refrain from using the prison disciplinary system to coerce him to move to general population (GP). Having examined the materials filed, the court finds that plaintiff is not entitled to the mandamus relief he seeks. Plaintiff is required to satisfy the filing fee and given the opportunity to cure deficiencies. If he fails to comply within the time specified, this action may be dismissed without further notice.

## FILING FEE

    The statutory fee for filing a civil action is $350.00. 28

1

U.S.C. § 1914. Plaintiff has neither paid this fee nor submitted a Motion to Proceed without Prepayment of Fees. A prisoner seeking to proceed without prepayment must submit an affidavit that includes a statement of all assets and aver that he is unable to pay the fee. 28 U.S.C. § 1915(a)(1). Furthermore, § 1915 requires the prisoner to submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The Tenth Circuit has held "that petitions for writ of mandamus are included within the meaning of the term 'civil action' as used in § 1915" where habeas matters are not the underlying concern. *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996); cf. *York v. Terrell*, 344 Fed.Appx. 460, 462 (10th Cir. 2009)(unpublished);[1] see *In re Grant*, 635 F.3d 1227, 1230-32 (D.C. Cir. 2011)(prisoners must pay the entire fee in mandamus actions under the Prisoner Litigation Reform Act).

Plaintiff is forewarned that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve him of the obligation to pay the full filing fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by §

---

[1] Unpublished opinions are cited herein for reasoning and not as binding precedent.

1915(b)(2).[2] This action may not proceed until plaintiff satisfies the filing fee prerequisites for this action.

**FACTUAL BACKGROUND**

Plaintiff has filed a 3-page complaint with 62 pages of exhibits attached. Attached exhibits may be considered part of the complaint. Plaintiff's allegations and exhibits indicate the following factual background. On May 19, 2012, he was placed in ad seg "due to problems with black inmates who are members of a gang called Bloods," and "these problems" were under investigation for 7 months. "EAI Investigator Haehl claims to have conducted" the investigation and to have found that plaintiff's claims with "Biker Gang Members" were unfounded. However, plaintiff never had problems with Biker Gang Members. Plaintiff has submitted numerous grievances to many different prison officials claiming that he will be in danger from Bloods in GP and requesting protection but has received "no positive answers." During the grievance process, plaintiff was found to be a member of a White Supremacist hate group. Plaintiff was ordered by COII Graham to go to the "Maximum Facility population," even though Graham was aware of plaintiff's "safety issues." Plaintiff was threatened with disciplinary action if he

---

[2] Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

3

refused to go to GP, and given a disciplinary report (DR) when he refused.

Plaintiff claims that the facility and staff have ignored his form 9s and grievances and shown deliberate indifference to his safety issues. The court is asked to order Lansing Correctional Facility and Kansas Department of Corrections to acknowledge his request for protection and direct staff to stop coercing him into a potentially dangerous situation through use of the disciplinary process. He also asks the court to order the Secretary of Corrections to conduct an impartial investigation into retaliatory actions against plaintiff.

**SCREENING**

Because plaintiff is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having examined all materials filed, the court finds that this action is subject to being dismissed as frivolous and for failure to state a claim. *Gabriel v. U.S. Parole Com'n*, 319 Fed.Appx. 742 (10th Cir. 2009)(unpublished)(affirming dismissal of mandamus petition as frivolous under § 1915(e)(2)(B)); *Fay v. U.S.*, 389 Fed.Appx. 802, 803-04 (10th Cir. 2010)(unpublished)(Action before district court and this appeal

found to be frivolous and to count as strikes where appellant failed to demonstrate that he was entitled to the "extraordinary remedy" of a writ of mandamus.).

**FAILURE TO STATE A CLAIM**

This court is without jurisdiction to grant mandamus relief against state officials. The Kansas mandamus statute, K.S.A. 60-801, relied upon by plaintiff as the legal authority for this action does not give the federal court authority to issue a mandamus to state officials. Nor does the federal mandamus statute, 28 U.S.C. § 1361, give this court such authority. Instead, it gives district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Amisub (PSL), Inc. v. Colorado Dep't of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir. 1989)("No relief against state officials or state agencies is afforded by § 1361."); *Sockey v. Gray*, 159 Fed. Appx. 821, 822 (10th Cir. 2005)(unpublished)("Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials."). Neither named defendant, nor any official mentioned in the pleading is an officer, employee, or agency of the United States.

Furthermore, "the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)(per curiam). To grant

5

mandamus relief, the court must find that plaintiff has a clear right to the relief sought, the defendant has a plainly defined and peremptory duty to perform the action in question, and no other adequate remedy is available.  See *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361 . . . is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."); *Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).

Mandamus is patently inappropriate in this case.  When a decision is committed to the discretion of an agency official, as are the administrative decisions regarding housing assignment and security classification, a litigant generally will not have a clear and indisputable right to any particular result.  See *Daiflon*, 449 U.S. at 36; *Armstrong v. Cornish*, 102 Fed.Appx. 118, 120 (10th Cir. 2004)(unpublished).  Mr. Madonia's allegations taken as true fail to demonstrate that he has a clear right to the relief he seeks, that defendants have a duty to perform the acts he seeks to have compelled, or that no other adequate remedy is available.  Accordingly, the court concludes that Mr. Madonia's petition fails to state a claim upon which relief may be granted and is frivolous.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's claim that prison officials are retaliating against him for filing grievances or this lawsuit is nothing more than a

6

conclusory statement. A prison official may not retaliate against an inmate for exercising a constitutional right. See *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). However, plaintiff has not alleged specific facts which show retaliation because of his exercise of constitutional rights. He also fails to show that the "but for" cause of the decision to move him to GP and charge him with a DR for refusing to obey orders was a retaliatory motive on the part of a particular defendant. On the other hand, he exhibits prison policy statements indicating that prison officials are directed to transfer inmates out of ad seg and back to GP as soon as possible.

Plaintiff's complaint that his grievances have been improperly ignored is belied by his own exhibits and allegations, which indicate that an investigation was conducted into his concerns for his safety in GP. Mr. Madonia has refused to accept the administrative actions and decisions taken on his initial grievances. His exhibits and allegations further suggest that he has not adhered to the established procedures for seeking relief through the prison administrative remedies process. He blitzed numerous people with the same grievance on the same day rather than submitting a single grievance to the appropriate official, waiting for a response or the time to run at each level, and then filing an appropriate appeal. It is neither illegal nor improper for prison officials to disregard abusive grievances.

If plaintiff fails to allege sufficient additional facts to

state a claim that is not frivolous, the dismissal of this action may count as a "prior occasion" (or "strike") under the three strikes provision of 28 U.S.C. § 1915(g).  See *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996).

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is given thirty (30) days in which to satisfy the filing fee by either paying the appropriate fee in full or submitting a properly-supported motion to proceed without prepayment of fees.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff is required to show cause why this action should not be dismissed for lack of jurisdiction and as frivolous.

**IT IS SO ORDERED.**

Dated this 27th day of February, 2013, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge